MANUEL PÉREZ PÉREZ, Petitioner, *v.* COURT OF TAX APPEALS, ETC., Respondent.

No. 1332. Argued July 15, 1942.—Decided November 9, 1942.

*J. J. Ortiz Alibrán* for petitioner. *George A. Malcolm, Attorney General, M. Rodríguez Ramos, Assistant Attorney General,* and *Eulogio Riera, Deputy Attorney General,* for the Treasurer, intervener.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is a certiorari proceeding instituted pursuant to Act No. 172 of 1941 (Laws of 1941, p. 1038).

The facts on which it is based are similar to those of the case of *Julia Blanco Géigel* v. *Court of Tax Appeals, ante,* page 21, just decided by us.

It differs from said case, however, in that the payment of the tax under protest was effected, not during the pendency of the matter before the Court of Tax Appeals, but after a decision had been rendered by that tribunal against the taxpayer.

Does such a distinction affect the character of the payment? Was the payment, made under those circumstances, compulsory or voluntary?

Let us see what was the position of the taxpayer once his case had been determined by the Court of Tax Appeals.

Under §5 of Act No. 172 of 1941 (Laws of 1941, p. 1038), which created said court, he still could resort to this court, but any writ that might be issued to review his claim, according to the express terms of the act, "shall not operate to stay execution of the decision rendered" by the Court of Tax Appeals, "which shall be effective forthwith and until final decision is rendered to confirm or modify it."

That being so, it is clear that the means available to the taxpayer for preventing the Treasurer from collecting the tax through attachment and sale of his property was to pay the same under protest. The payment effected by him was not, therefore, of a voluntary character. It was made under legal compulsion.

In fine, we will say that, there being involved in this case an administrative decision and not a deficiency, the taxpayer was entitled to apply to this court for a writ of certiorari without accompanying it with the receipt of his payment under protest of said tax; and that the payment under protest of said tax, effected after the case had been decided against the taxpayer by the Court of Tax Appeals, whether before or after the institution of the certiorari proceeding, was not voluntary but made under legal compulsion and can not, therefore, be construed as an abandonment of said proceeding.

Having reached the above conclusions, it suffices to add that the proceeding herein must be sustained, as the questions involved in the same are substantially similar to those considered and determined in *Ballester* v. *Court of Tax Appeals*, 60 P.R.R. 749.

Therefore, in accordance with the facts and the law, and on the grounds stated in the opinion of this court in the *Ballester* case, *supra,* the decision of the Court of Tax Appeals will be reversed and the case remanded to that court for further proceedings not inconsistent with said opinion.